FILED
2015 Aug-26 PM 02:56
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT A

# AGREEMENT TO TOLL STATUTE OF LIMITATIONS

This Agreement is made by and between Briana Walker ("Walker"), and Freedom Rain, Inc. d/b/a The Lovelady Center ("Lovelady") and all of their heirs, executors, administrators, personal representatives, predecessors, successors, assigns, or agents (hereafter "the Parties"), and is made in reference to the following facts:

a. On February 17, 2015, Walker filed a putative Fair Labor Standards Act collective action lawsuit against Freedom Rain ("the Lawsuit") (Doc. 1). Contemporaneous with the filing of her complaint, Walker moved the Court for leave to issue notice to prospective class members, all of whom are current or former participants in Lovelady's rehabilitation program (Doc. 4).

b. The Parties dispute whether Lovelady has ever employed any individual during her enrollment in its rehabilitation program.

c. Because the Court has indicated a desire for discovery on the issue of Lovelady's employer status as to Walker and other putative class members prior to ruling on the motion for notice, the Parties agree that they shall enter into a one hundred and twenty (120) day period of discovery on these issues beginning July 21, 2015 and ending November 18, 2015, and that within thirty (30) days after the completion of the discovery period, the Parties may submit any applicable motions.

d. Lovelady is agreeable to providing Walker with a tolling of the statute of limitations from the date of July 03, 2015, until seven (7) days after the Court rules on the issue of notice or until the Parties agree in writing to lift the tolling period. The intent of this agreement is to stop and toll the statute of limitations for that period of time as it relates to any claim of Walker, other plaintiffs who have already opted in to the Lawsuit, and other putative class members (collectively, the "Putative Class Members") under the Fair Labor Standards Act against Lovelady.

Therefore, the parties, in exchange for the promises made herein, and for good and sufficient consideration, agree as follows:

1. Commencing July 03, 2015, and for the duration as defined above, the Parties agree that all applicable statute of limitations as to any and all claims under the Fair Labor Standards Act that the Putative Class Members may have against Lovelady, in connection with, related to, or arising from their enrollment in Lovelady's rehabilitation program, shall be tolled and suspended during the period of time this Agreement is in effect, and for seven (7) days thereafter.

2. The parties hereby toll any statute of limitations for claims under the Fair Labor Standards Act that would otherwise arise during such period.

3. This tolling shall not be construed as a waiver of any statute of limitations defense that has become established as of the effective date of this Agreement for the Parties, or that

would arise after the date of termination of this Agreement, excluding the period during which this Agreement has operated to toll any applicable statute of limitations.

4. The running of all applicable statute of limitations shall commence again 7 days after the termination of this Agreement, which will occur on the date that the Court issues a ruling on the issue of notice or when the Parties agree in writing to lift the tolling period.

5. Upon termination of this Agreement, or termination of any written extension thereof, the parties shall be returned to the status quo as of the effective date of this Agreement.

6. It is understood that by entering into this Tolling Agreement, no party is waiving any claims, rights or defenses that may have accrued up to the effective date of this Agreement. This Tolling Agreement does not resurrect any claim for which the limitations period has already expired prior to the entry of this Tolling Agreement. Further, that Lovelady is entering into this agreement is not, and shall not be construed as any admission or acknowledgment that it is in any way liable to Walker, the Putative Class Members, or any other party.

7. Counsel for the Parties agree that they will not initiate discussions with program participants currently enrolled in Lovelady's rehabilitation program outside of formal discovery procedures and also agree that discovery during the Tolling Period will be limited in scope to the issues of the employer status of Lovelady as to its rehabilitation program participants and the Department of Labor investigation involving Blackwell's Way and Haymon Homes. Counsel for the Parties also agree that they will limit discovery involvement of the Putative Class Members to the plaintiff and opt-in plaintiffs already enrolled in the Lawsuit as of the effective date of this Tolling Agrement and those Putative Class Members who have provided declarations to Lovelady. Counsel for Walker may also take discovery from officials, officers and representatives of Lovelady. It is also understood that counsel for Walker may communicate with Putative Class Members who have expressed an interest in the litigation.

8. The effective date of this Agreement is July 03, 2015.

9. This Agreement shall not be offered in evidence in any action or proceeding except to prove that the statute of limitations was tolled for the period of time during which this Agreement was in effect.

10. This agreement may be signed in counterpart originals or faxed signature hereon by any attorney-in-fact of any party. The signature of said attorney for any party shall be effective for all purposes.

Dated: 7/21/15

Counsel for Defendant

Dated: 7/21/15

Russell W. Adams