UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| BRIANA WALKER, individually and on behalf of herself and all others similarly situated, | } } } } } |
| Plaintiff, | } Case No.: 2:15-cv-00274-MHH |
| v. | } } |
| FREEDOM RAIN, INC., d/b/a The Lovelady Center, | } } } |
| Defendant. | } |

## MEMORANDUM OPINION AND ORDER

In this putative class action, plaintiff Briana Walker alleges that the defendant, Freedom Rain, Inc., d/b/a The Lovelady Center, violated the minimum wage and overtime provisions of the Fair Labor Standards Act (FLSA). (Doc. 1). In its counterclaim, Freedom Rain alleges that Ms. Walker and opt-in plaintiffs Myoshi Bates and Laketta Mackins each breached a covenant not to sue by participating in this lawsuit. (Doc. 14, pp. 18–22). The plaintiffs have filed a renewed motion to dismiss Freedom Rain's counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 66). Because the covenants not to sue are unenforceable to the extent

1

that they purport to abridge the plaintiffs' rights under the FLSA, the Court will grant the plaintiffs' motion.

Under Rule 12(b)(6), a party may move to dismiss a counterclaim for "failure to state a claim upon which relief can be granted." *See* FED. R. CIV. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, a counterclaim must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).[1] In considering a plaintiff's motion to dismiss a defendant's counterclaim, the Court accepts the defendant's allegations as true and asks whether the counterclaim alleges facts that allow the Court to "draw the reasonable inference that the [plaintiff] is liable for the misconduct alleged." *Aschcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see Maledy v. City of Enterprise*, 2012 WL 1028176, at *1 (M.D. Ala. March 26, 2012). A counterclaim that alleges such facts is "'plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Freedom Rain argues that it has stated a plausible claim for breach of contract. (Doc. 82). The Court disagrees.

Before enrolling in the Lovelady Center's rehabilitation program, the plaintiffs each signed a "Statement of Understanding and Agreement." (Doc. 14, pp. 19–20; Docs. 14-1, 14-2, 14-3). The agreement contained a provision that states: "I do

---

[1] "A motion to dismiss a counterclaim under [Rule] 12(b)(6) is evaluated in the same manner as a motion to dismiss a complaint." *Whitney Info. Network, Inc. v. Gagnon*, 353 F. Supp. 2d 1208, 1210 (M.D. Fla. 2005).

2

hereby waive all rights to claim suit against The Lovelady Center and the Board of Directors of The Lovelady Center." (Docs. 14-1, 14-2, 14-3). Freedom Rain argues that the plaintiffs breached this "covenant not to sue" when they initiated this lawsuit. (Doc. 14, pp. 20–21).

The United States Supreme Court has "held that FLSA rights cannot be abridged by contract or otherwise waived because this would 'nullify the purposes' of the statute and thwart the legislative policies it was designed to effectuate." *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 740 (1981) (quoting *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 707 (1945)); *see also Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352 (11th Cir. 1982) (explaining that, because "great inequalities in bargaining power" exist between employers and employees, "the FLSA's provisions are mandatory [and] not subject to negotiation").

Freedom Rain argues that the covenant does not violate *Barrentine* because it is not a waiver of the right to sue but merely a promise by the plaintiffs not to sue Freedom Rain. (*See* Doc. 82, p. 2). In the context of FLSA rights, however, there is no meaningful distinction between a "covenant not to sue" and a waiver of rights. *See Simpkins v. Pulte Home Corp.*, No. 6:08-CV-130-ORL-19DAB, 2008 WL 3927275, at *10 (M.D. Fla Aug. 21, 2008) ("Regardless of the name given to the document, or the mechanism by which it abrogates [the plaintiff's] FLSA rights, the [covenant not

to sue] attempts to do something that the Supreme Court has said cannot be done."). A promise not to sue Freedom Rain, if enforced, would abridge the plaintiffs' rights under the FLSA.[2] Thus, to the extent that the agreement purports to restrict the plaintiffs' right to sue Freedom Rain under the FLSA, the agreement is unenforceable, and the plaintiffs have not breached the agreement by filing this FLSA action.

Accordingly, the Court **GRANTS** the plaintiffs' motion to dismiss Freedom Rain's counterclaim and **DISMISSES** the counterclaim **WITH PREJUDICE**. The Court asks the Clerk to please **TERM** Doc. 66.

**DONE** and **ORDERED** this December 6, 2016.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE

---

[2] 29 U.S.C. § 216(b) provides: "An action to recover [under the minimum wage and overtime provisions of the FLSA] may be maintained against any employer . . . in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." The plaintiffs' right to sue "any employer" in federal court exists even though the parties dispute whether the plaintiffs are Freedom Rain's "employees" for purposes of the FLSA. That potential factual dispute does not affect the plaintiffs' right to sue under the FLSA, but rather pertains to the ultimate question of their entitlement to relief.